UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:24-cv-81491-LEIBOWITZ/MCCABE

**VALLEY NATIONAL BANK**,

    *Plaintiff,*

v.

**CAPTIVEONE SERVICES, LLC,** *et al.,*

    *Defendants.*

_____/

## ORDER

**THIS CAUSE** comes before the Court on Defendant 4 Beauty Aesthetic Institute Inc.'s ("4 Beauty") and Defendant Constantino Mendieta's ("Mendieta") (collectively, "Defendants") Joint Motion to Dismiss ("the Motion"), filed on January 27, 2025.[1] [Mot., ECF No. 18]. Plaintiff, Valley National Bank ("Valley") submitted a Response in Opposition to the Motion [Resp., ECF No. 29], and Defendants submitted a Reply [Reply, ECF No. 30]. The Court has reviewed the parties' arguments, the record, and the relevant legal authorities. For the reasons stated below, the Motion **[ECF No. 18]** is **GRANTED IN PART and DENIED IN PART**.

    **I.**    **BACKGROUND**

Plaintiff Valley National Bank is a New Jersey corporation and has a division, Agile, that "engages in premium financing." [Compl., ECF No. 1 ¶ 10]. Agile "provides such premium financing, allowing policyholders to pay their premiums under their insurance policies over time." [*Id.* ¶ 18]. Defendant 4 Beauty is a Florida corporation that is owned by Defendant Mendieta, an individual

---

[1]    Defendants CaptiveOne Services, LLC ("CaptiveOne"), Bryste Holdings, LLC ("Bryste"), and Wayne C Jenkins ("Jenkins") did not join in this Joint Motion to Dismiss. Thus, the Court refers to Defendants CaptiveOne, Bryste, Jenkins, Mendieta, and 4 Beauty as "all Defendants". Otherwise, any reference to "Defendants" only refers to Mendieta and 4 Beauty.

"domiciled in Miami-Dade County, Florida[.]" [*Id.* ¶¶ 6, 8, 26]. Plaintiff alleges that on June 12, 2023, Agile entered into a Premium Finance Agreement ("PFA") with 4 Beauty and CaptiveOne "in the amount of $1,920,954.10." [*Id.* ¶¶ 21, 22]. "Agile entered into the PFA under the reasonable expectation that [4 Beauty and CaptiveOne] would act in good faith and uphold their contractual commitments." [*Id.* ¶ 2]. Plaintiff further alleges that "[4 Beauty and CaptiveOne] have engaged in fraudulent behavior, deceiving Agile, and failing to disclose critical information regarding their financial dealings." [*Id.*]. In sum, based on the PFA, Agile is the lender and 4 Beauty is the borrower. [*Id.* ¶ 25]. Defendant Mendieta "authorized Miguel Vanegas to electronically sign the 4 Beauty PFA as 'Insured' on 4 Beauty's behalf." [*Id.* ¶ 26].

The PFA provided "that Agile shall advance funds to pay the insurance policies listed in the 4 Beauty PFA in exchange for 4 Beauty's promise to repay the amount so advanced, plus interest and other finance charges." [*Id.* ¶ 27]. "Agile advanced all funds under the 4 Beauty PFA to 4 Beauty and CaptiveOne for forwarding to 4 Beauty's insurance company." [*Id.* ¶ 28]. The PFA included "a warranty from CaptiveOne, as the agent, that any amount received from Agile will be forwarded to the insurance company providing the policy." [*Id.* ¶ 29]. Under the PFA, "CaptiveOne, as agent, also agreed to hold harmless and indemnify Agile 'against any losses, costs, fees, inclusive but not limited to Attorney's Fees, Court Costs, Collection Fees, and other reasonable costs incurred' by Agile as a result of a violation of any representation and warranty under the PFA or from the agent's error or omission." [*Id.* ¶ 31].

On the same date that the PFA was executed, Mendieta on behalf of 4 Beauty executed the Captive Financing Agreement (the "CFA"), "which granted Agile the right to request termination of the financed insured policies in the event of a default[.]" [*Id.* ¶ 23]. The CFA also contains a collection costs and attorneys' fees provision. [ECF No. 1-7 ¶ 8(h)].

Based on the terms of the PFA, 4 Beauty and CaptiveOne's first payment "was due on June 30, 2023, with all subsequent payments due on the thirtieth day of each following month." [Compl. ¶ 33]. However, 4 Beauty and CaptiveOne "failed to make the requisite payments as agreed." [*Id.*]. "Agile notified 4 Beauty, CaptiveOne, and Jenkins of its intent to request cancellation of the financed insurance policies due to nonpayment," on September 6, 2023. [*Id.* ¶ 34]. On October 27, 2023, and November 10, 2023, Agile sent two demand letters to 4 Beauty, CaptiveOne, and Jenkins notifying them of the default and "its intent to accelerate all amounts owing under the 4 Beauty PFA[.]" [*Id.* ¶ 35]. Agile has still not received any payments from 4 Beauty and CaptiveOne based on the 4 Beauty PFA. [*Id.* ¶ 37]. "Agile entered into the 4 Beauty PFA relying on [4 Beauty and CaptiveOne's] representations that the funds Agile was advancing would be used to pay 4 Beauty's insurance policies." [*Id.* ¶ 38]. However, "[4 Beauty and CaptiveOne] failed to fulfill their obligation to transfer funds to 4 Beauty's insurance company as stipulated in the 4 Beauty PFA[,]" and instead "misappropriated the money intended for 4 Beauty's insurance premiums." [*Id.* ¶¶ 40, 41]. As a result of 4 Beauty and CaptiveOne's actions, Plaintiff was forced to file this action.

Defendants 4 Beauty and Mendieta responded with this Motion and request the Court dismiss Counts I, III, V, and VI of the Complaint, dismiss or strike the notice of allegation of punitive damages, and strike the request for attorney's fees. [*See* Mot.].

## II.     LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (internal quotations omitted)). To meet this "plausibility standard," a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (alteration added) (citing *Twombly*, 550 U.S. at 556). Although

3

this pleading standard "does not require 'detailed factual allegations,' … it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (alteration added) (quoting *Twombly*, 550 U.S. at 555). Pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). While the court is required to accept as true all allegations contained in the complaint, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.*; *Iqbal*, 556 U.S. at 678. "Dismissal pursuant to Rule 12(b)(6) is not appropriate unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Magluta v. Samples*, 375 F.3d 1269, 1273 (11th Cir. 2004) (citation and quotation omitted).

### III.    DISCUSSION

Defendants move to dismiss four counts:

1. Count I (breach of contract against 4 Beauty);
2. Count III (unjust enrichment against 4 Beauty and Mendieta);
3. Count V (civil conspiracy against 4 Beauty and Mendieta); and
4. Count VI (aiding and abetting fraud against 4 Beauty and Mendieta).

[*See* Mot.]. Defendants also move to dismiss or strike the notice of allegation of punitive damages and strike the request for an award of attorney's fees. [*Id.*]. The Court will address Defendants' arguments for dismissal.

### I.    Counts I, III, V, and VI - Shotgun Pleading

Complaints that violate either Rule 8(a)(2) or Rule 10(b) of the Federal Rules of Civil Procedure are often referred to as "shotgun pleadings." *See Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021). Rule 8(a)(2) requires a complaint to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 10(b) states:

> A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by

4

> number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense.

Fed. R. Civ. P. 10(b). The "self-evident" purpose of these rules is "to require the pleader to present his claims distinctly and succinctly, so that[ ] his adversary can discern what he is claiming and frame a responsive pleading." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015) (quoting *T.D.S. Inc. v. Shelby Mut. Ins. Co.*, 760 F.2d 1520, 1544 n.14 (11th Cir. 1985)). The key characteristic of a shotgun pleading is its failure to give defendants "adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

In *Weiland*, the Court identified four types of shotgun pleadings. The first type "is a complaint containing multiple counts where each count adopts the allegations of all preceding counts[.]" *Id.* at 1321. The second type is a complaint "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* at 1322. The third type is a complaint that fails to separate each cause of action into a separate count. *Id.* at 1322–23. The fourth type is a complaint that asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* at 1323.

Defendants argue that as to Count I, the fourth type of shotgun pleading recognized in *Weiland* is applicable as Plaintiff "impermissibly commingles all the defendants," and fails to put 4 Beauty and Mendieta on notice of the claims against them. [Mot. ¶ 12]. However, Plaintiff correctly notes that the Complaint contains detailed allegations that specify the actions of each Defendant and put them on notice of the claims asserted against them. [Resp. at 3–4]. To the extent Defendants argue that Mendieta was not put on notice for the claims against him in Count I [Mot. ¶ 12], Count I clearly states it is against 4 Beauty, CaptiveOne, and Jenkins, not Mendieta [Compl. at 7]. Thus, the Court

finds that Count I clearly describes who the claim is against and notifies Defendant 4 Beauty of its alleged misconduct. [Compl. ¶¶ 45, 47–49, 51].

Defendants also argue that Counts III, V, and VI are shotgun pleadings in that they "impermissibly commingle[] the actions of all the defendants, purporting to allege claims for unjust enrichment, civil conspiracy, and aiding and abetting fraud[,]" which prevents Defendants from "ascertain[ing] which conduct or statements [] the Plaintiff is attempting to attribute to each defendant." [Mot. ¶ 14]. Defendants incorrectly argue that these counts are shotgun pleadings because the individual defendants are treated as a group; that is not the case. *See Spofford v. Beta LP/Alpha Trust*, No. 22-cv-23631, 2023 WL 3778252, at *7 (S.D. Fla. May 8, 2023). "[A] plaintiff may plead claims against multiple defendants by referring to them collectively, for example by referring to a group of defendants as 'defendants.'" *Sprint Sols,, Inc. v. Fils-Amie*, 44 F. Supp. 3d 1224, 1227 (S.D. Fla. 2014). Furthermore, as to unjust enrichment, "[b]ecause [Plaintiff] does not know the exact division of these funds between the Defendants, it is unsurprising that [Plaintiff] refers to them collectively at this stage." *Spofford*, 2023 WL 3778252, at *7. Accordingly, when the Complaint is read as a whole, the Court finds that Counts III, V, and VI are not shotgun pleadings. Thus, the Motion's request to dismiss Counts I, III, V, and VI as shotgun pleadings is DENIED.

**II.     Count III – Double Recovery**

Under Rule 8(d)(2) of the Federal Rules of Civil Procedure, "[a] party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones." Fed. R. Civ. P. 8(d)(2). "No specific words or formulae are required to plead in the alternative, but plaintiffs must use a formulation from which it can be reasonably inferred that they are pleading in the alternative." *Ashley v. City of Hialeah*, No 11-cv-20490, 2011 WL 3236051, at *3 (S.D. Fla. July 28, 2011) (cleaned up). Furthermore, "[a] complaint cannot allege an express

agreement in a claim for unjust enrichment." *Am. Marine Tech., Inc. v. World Grp. Yachting, Inc.*, 418 F. Supp 3d 1075, 1083 (S.D. Fla. 2019).

Defendants argue that Plaintiff has not properly pleaded the unjust enrichment claim in the alternative to the breach of contract claim and therefore the unjust enrichment claim should be dismissed. [Mot. ¶ 15]. "[A]n unjust enrichment claim is not brought in the alternative to a breach of contract claim where the plaintiff asserts that a valid contract existed within the count for unjust enrichment." *Luv N' Care, LTD. v. Shamosh Hakim*, No. 24-cv-22236, 2024 WL 4948976, at *6 (S.D. Fla. Dec. 3, 2024). Plaintiff correctly argues that the Complaint "exclude[s] any general allegations related to its breach of contract claim in pleading its unjust enrichment claim." [Resp. at 7]. Furthermore, Defendants' reliance on *Am. Marine Tech* has no bearing on this case because the "count of unjust enrichment [does not] allege[] the existence of a valid contract." *Luv N' Care, LTD.*, 2024 WL 4948976, at *6. Thus, the Court finds that Plaintiff's unjust enrichment claim is properly pleaded in the alternative to the breach of contract claim. The Motion's request to dismiss Count III on the grounds of double recovery is DENIED.

### III. Count V – Failure to State a Claim

Defendants argue that Count V (civil conspiracy) must be dismissed because the underlying tort count, Count IV (aiding and abetting fraud) fails to state a claim. [Mot. ¶ 16]. Defendants cite no case law or state any deficiencies as to why Count IV fails, other than Defendants' "information and belief [that CaptiveOne and Jenkins] are the actual wrongdoers." [*Id.* n.4].

"The law demands that lawyers present their clients' cases with argument *and* citation." *MY.P.I.I. LLC v. H&R Marine Eng'g Inc.*, 544 F. Supp. 3d 1334, 1346 (S.D. Fla. 2021). Further, "Defendant[s'] failure to cite *any* authority for this principle makes it difficult for the Court to rule in its favor." *Belony v. Amtrust Bank*, No. 09-cv-82335, 2011 WL 2297669, at *2 (S.D. Fla. June 8, 2011). Therefore, this Court will not now decide whether Count V must be dismissed on account of Count

IV's failure to state a claim. *See United States v. Sineneng-Smith*, 590 U.S. 371, 375–76 (2020) ("[A]s a general rule, our system is designed around the premise that parties represented by competent counsel know what is best for them, and are responsible for advancing the facts and argument entitling them to relief." (cleaned up)). Thus, the Motion's request to dismiss Count V for failure to state a claim is DENIED.

### IV.  Count V and VI – Independent Tort Doctrine

"It is a fundamental, long-standing common law principle that a plaintiff may not recover in tort for a contract dispute unless the tort is independent of any breach of contract." *Springboard Media, LLC v. Augusta Hitech Soft Sols., LLC*, No. 22-cv-20191, 2022 WL 18465128, at *2 (S.D. Fla. June 14, 2022). A "tort is independent if the plaintiff [can] prove facts separate and distinct from the breach of contract." *Id.* "[W]here a party is in contractual privity with another, to bring a valid tort claim, the party must establish that the tort is independent of any breach of contact." *Ultimate Motors, Inc. v. Lionheart Motorcars LLC.*, No. 19-cv-60917, 2019 WL 9786489, at *2 (S.D. Fla. July 23, 2019).

Defendants argue that "Plaintiff's claims amount to an alleged breach of contract – and nothing more[,]" and thus "the independent tort doctrine precludes the Plaintiff from asserting a claim for civil conspiracy (Count V) and aiding and abetting fraud (Count VI)." [Mot. ¶ 17]. Defendants also assert that "Plaintiff failed to allege any tort damages that are independent, separate and distinct from the damages sustained from the contract's alleged breach[.]" [*Id.* ¶ 18]. Plaintiff, in response, argues that "Counts V and VI of the Complaint are clearly based on the misrepresentations made ***prior*** to the parties entering into the 4 Beauty PFA and are, therefore, distinct from the facts underlying Plaintiff's breach of contract claims." [Resp. at 16].

"It is well settled that, for an alleged misrepresentation regarding a contract to be actionable, the damages stemming from that misrepresentation must be independent, separate and distinct from the damages sustained from the contract's breach." *Uniq Branch Off. Mexico, S.A. de C.V. v. Steel Media*

8

*Grp., LLC*, No. 22-cv-23876, 2023 WL 6294841, at *7 (S.D. Fla. Sept. 27, 2023) (cleaned up).  Plaintiff has failed to establish that the damages stemming from the prior misrepresentation are independent, separate, and distinct from the damages incurred from the breach of contract.  *See id.* ("Plaintiffs' failure to plead separate damages stemming from those statements is fatal to the fraudulent inducement claims pursuant to the independent tort doctrine.").  Because Plaintiff has failed to plead separate and distinct damages from the alleged breach of contract damages, the Court finds that Counts V and VI are dismissed without prejudice as they are precluded by the independent tort doctrine.  Thus, the Motion's request to dismiss Counts V and VI based on the independent tort doctrine is GRANTED.  Plaintiff shall have an opportunity to attempt to cure this deficiency.

**V.        Count V and VI – Rule 9(b)**

Rule 9(b) of the Federal Rules of Civil Procedure provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).  This heightened-pleading requirement "requires more than an allegation that a misrepresentation was made; it requires a plaintiff to identify with precision what the misrepresentation actually was." *Lawrie v. Ginn Dev. Co., LLC*, 656 F. App'x. 464, 474 (11th Cir. 2016).  To satisfy Rule 9(b), Plaintiff "must allege (1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the Plaintiffs; and (4) what the defendants gained by the alleged fraud."  *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1380–81 (11th Cir. 1997).

Plaintiff claims that "[all] Defendants' primary objective was to represent to Plaintiff that the financed funds were to be used for 4 Beauty's insurance when, in reality, [all] Defendants' conspired amongst themselves to obtain the funds and utilize the money for alternative purposes." [Compl. ¶ 79].  Therefore, Plaintiff must adhere to the heightened-pleading requirements of Rule 9(b) and plead with particularity the statements made by all Defendants *before* the parties entered into the 4 Beauty

9

PFA. *See Valley Nat'l Bank v. Show Plus Promotions, LLC*, No. 24-cv-81490, 2025 U.S. Dist. LEXIS 31430, at *9 (S.D. Fla. Feb. 20, 2025). "The Complaint must also supply some indicia of reliability to support the allegation of an *actual false* claim, as it is not enough to merely describe a private scheme in detail." *Id.* at *8 (cleaned up).

Plaintiff has failed to meet this standard here. Rather, Plaintiff states in conclusory fashion that "[all] Defendants knowingly and willfully conspired and agreed among themselves to defraud Agile through several misrepresentations with regard to the 4 Beauty PFA." [Compl. ¶ 78]. "Plaintiff does not supply specific statements from [all] Defendants, nor does it proffer any indicia of reliability to reveal that [all] Defendants knowingly misrepresented the funds' purpose." *Valley Nat'l Bank*, 2025 U.S. Dist. LEXIS 31430, at *9–10. Plaintiff's broad, unsupported assertions fail to specify all Defendants' specific statements made and by whom that Plaintiff relied on. Therefore, Plaintiff has failed to meet the pleading requirements of Rule 9(b), and Counts V and VI are dismissed without prejudice. The Motion's request to dismiss Counts V and VI based on Rule 9(b) is GRANTED. Plaintiff shall have an opportunity to attempt to cure this deficiency as well.

## VI.     Notice of Allegations of Punitive Damages

Plaintiff has set forth a "Notice of Allegations of Punitive Damages" that all Defendants are liable for pursuant to Section 768.72, Florida Statutes.[2] [Compl. at 15–16]. Defendants argue that the notice of allegations of punitive damages must be stricken as Plaintiff has not met the pleading requirements of Section 768.72, Florida Statutes. [Mot. at 26]. Rule 8(a)(2)-(3) of the Federal Rules of Civil Procedure requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief; and a demand for the relief sought[.]" Fed. R. Civ. P. 8(a)(2)-(3). In federal court, when there is a conflict between Rule 8(a) and Section 768.72, Florida Statutes, "Rule

---

[2]     Plaintiff cited Section 768.62, Florida Statutes, in the Complaint. This was in error as there is no Section 768.62, so the Court will analyze punitive damages under Section 768.72, Florida Statutes.

8(a)(3) occupies the field in which the pleading portion of § 768.72 [Florida Statutes] would otherwise operate[.]" *Cohen v. Office Depot, Inc.*, 184 F.3d 1292, 1299 (11th Cir. 1999), *vacated in part*, 204 F.3d 1069 (11th Cir. 1999); *see BB In Technology Co., LTD. v. JAF, LLC*, 242 F.R.D. 632, 641 (S.D. Fla. 2007) ("'[T]he Eleventh Circuit 'has rejected Florida pleading requirements for punitive damages in diversity cases, holding that Florida Statutes § 768.72 conflicts with Rule 8(a)(3)' of the Federal Rules of Civil Procedure.") (citing *Larson v. Correct Craft, Inc.,* No. 06-cv-22592, 2005 WL 1902438, at *4 (M.D. Fla. Aug. 8, 2005)). The Court finds that Plaintiff has met the pleading requirements of Rule 8(a), and the claim for punitive damages will not be stricken. Thus, the Motion's request to dismiss or strike Plaintiff's notice of allegation of punitive damages is DENIED.

### VII. Request for Attorney's Fees

Finally, Defendants argue that Plaintiff's demand for attorney's fees must be stricken since "Plaintiff does not allege the existence of any statute or contract entitling it to an award of attorney fees." [Mot. ¶ 29]. However, Plaintiff correctly notes that Mendieta on behalf of 4 Beauty entered into the CFA with Plaintiff which contains the following attorney fee provision: "If [4 Beauty] or Captive fail to perform an obligation or otherwise breaches one or more of the terms of this Agreement, [Agile] may recover from the non-performing breaching party all its costs (including actual attorneys' and investigative fees) to enforce the terms of this Agreement." [Resp. at 20; ECF No. 1-7 ¶ 8(h)]. The CFA also clearly states that "[4 Beauty] will sign and agree to the terms of [the PFA.]" [ECF No. 1-7 ¶ 1]. Thus, upon a showing of a breach of the PFA, Plaintiff can then assert a request for attorney's fees against Defendants under the CFA. The Motion's request to strike Plaintiff's demand for attorney's fees is DENIED.

### IV. CONCLUSION

For the reasons stated above, it is hereby **ORDERED AND ADJUDGED** that the Motion [**ECF No. 18**] is **GRANTED IN PART and DENIED IN PART**. Plaintiff may attempt to cure

11

the deficiencies highlighted in this Order.  Plaintiff shall file a motion for leave to file an amended complaint with a copy of the amended complaint attached **no later than May 7, 2025**.

**DONE AND ORDERED** in the Southern District of Florida on April 16, 2025.



DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc:     counsel of record