UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:24-cv-81491-LEIBOWITZ/REINHART

VALLEY NATIONAL BANK,

     *Plaintiff*,

v.

CAPTIVEONE SERVICES, LLC, *et al.*,

     *Defendants.*

_____/

**ORDER ADOPTING
REPORT AND RECOMMENDATION**

     **THIS CAUSE** is before the Court upon United States Magistrate Judge Bruce E. Reinhart's Report and Recommendation on the parties' cross motions for summary judgment (the "R&R") [ECF No. 155], entered on April 6, 2026, recommending the grant of Plaintiff Valley National Bank d/b/a Agile Premium Finance's ("Plaintiff" or "Agile") Motion for Summary Judgment [ECF No. 100], the denial of Defendant 4 Beauty Aesthetic Institute LLC's ("Defendant" or "4 Beauty") Motion for Final Summary Judgment [ECF No. 102], and the denial of 4 Beauty's Motion to Strike the Declaration of Robert Przespolewski [ECF No. 119].  [ECF No. 155 at 25].  The undersigned referred the matter to Magistrate Judge Reinhart pursuant to 28 U.S.C. § 636(b)(1)(B), Rule 72 of the Federal Rules of Civil Procedure, and Rule 1(d) of the Local Magistrate Judge Rules.  [*See* ECF Nos. 130, 154].  Objections were timely filed by Defendant [ECF No. 156], which the Court has reviewed *de novo*.  Having reviewed and considered the R&R in light of the Objections, the parties' papers, the relevant portions of the record, and the applicable law, the Court concludes that Judge Reinhart correctly ruled on the pending motions.  Accordingly, the Court hereby **ADOPTS** Magistrate Judge Reinhart's R&R [**ECF No. 155**].  Defendant's Objections [ECF No. 156] to the R&R are **OVERRULED** for the reasons discussed below.

## I.   STANDARD OF REVIEW

In reviewing a Report and Recommendation, the district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988)) (internal quotation marks omitted). Absent objection, the district judge "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1), and "need only satisfy itself that there is no clear error on the face of the record" to accept the recommendation. Fed. R. Civ. P. 72 advisory committee's note to 1983 amendment, subdivision (b).

District courts retain broad "discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge." *Club Madonna Inc. v. City of Miami Beach*, 42 F.4th 1231, 1259 (11th Cir. 2022) (quoting *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009)).

## II.   RULING ON OBJECTIONS

4 Beauty lodges six objections to Judge Reinhart's R&R. After careful consideration and a *de novo* review of the record, the Court overrules each objection and affirms His Honor's R&R. Each objection is discussed in turn below.

A.   <u>Judge Reinhart Erred in Finding that "Agile is not precluded from arguing its loan modification theory." [ECF No. 156 at 2–5]. **OVERRULED**.</u>

Let's begin with the first objection. 4 Beauty argues that Judge Reinhart erroneously accepted Agile's position that the June 2023 Premium Finance Agreement (the "June PFA") modified the earlier April 2023 Premium Finance Agreement (the "April PFA") because that legal theory was not pled in Agile's Complaint. [ECF No. 156 at 2–3]. In its view, the Complaint described the June PFA as a

wholly separate agreement divorced from the April PFA.  [*See id.* at 3 (citing ECF No. 1)].  4 Beauty contends that because Agile never pled loan modification, 4 Beauty had no opportunity to conduct discovery on this point and was materially prejudiced.  [*Id.* at 4].

This Court disagrees with 4 Beauty.  The Eleventh Circuit has made clear that the "Federal Rules of Civil Procedure impose pleading requirements for *claims*, not theories of liability." *McCreight v. AuburnBank*, 117 F.4th 1322, 1331 (11th Cir. 2024) (emphasis added) (citations omitted).  In *McCreight*, the court explained that a plaintiff may raise new theories of liability "as late as summary judgment[,]" so long as the defendant had sufficient notice.  117 F.4th at 1332.  A new theory liability raised by a plaintiff at summary judgment does not automatically get rejected "simply because she failed to specifically plead it in her complaint"; district courts, however, *may* reject them "when they are raised alongside new factual allegations such that a change would 'prejudice the other party in maintaining a defense upon the merits.'"  *Id.* (citations omitted).

This Court is not convinced that this loan modification theory is "new" under *McCreight*'s guidance.  Sure, the Complaint omits reference to the April PFA and the magic words "modification," "amend," or "rewrite."  [*See generally* ECF No. 1].  However, the Complaint does allege that the June PFA was a valid and enforceable contract that 4 Beauty materially breached, subsequently causing Agile's damages.  [*Id.* ¶¶ 44, 47–51].  Being a "valid and enforceable contract" necessarily includes validity by way of modification.

But let's assume 4 Beauty is correct and this theory of liability (and accompanying factual allegations) was not alleged in the Complaint and is indeed completely new.  In this instance, the Court retains the discretion to accept or reject it.  *See McCreight*, 117 F.4th 1332 ("To be sure, a district court *may* reject new theories of liability when they are raised alongside new factual allegations . . . ." (emphasis added)).  So, the viability of 4 Beauty's objection now comes down to prejudice.

There is no prejudice though. Agile correctly states in response to 4 Beauty's objections that the facts underlying the loan modification theory have been known to 4 Beauty for quite a while. [*See* ECF No. 157 at 15]. This theory was not just sprung out of nowhere for the first time at summary judgment. For example, Valley National Bank's corporate representative testified at deposition that the April PFA's terms were modified to include eleven monthly installments for payment in the June PFA. [*See* Deposition of Robert Przespolewski, ECF No. 96-1 at 61:6–14 ("Q. And the reason why it went out to 11 installments is because they wanted – the insured wanted a lesser amount to be paid; correct? . . . [A.] It was modified – a modification of the effective date. So the effective date of the original policy was pushed out to a new effective date.")]. By this example alone, 4 Beauty was clearly on notice and cannot credibly argue prejudice when its counsel asked questions that invited unfavorable answers that may or may not be used in summary judgment briefing. This objection is OVERRULED.

B. Judge Reinhart Erred in Finding that the June PFA Is a "free-standing, independent agreement that is not contingent on the June CFA," and that "it is irrelevant to the enforceability of the June PFA whether the June CFA was properly executed." [ECF No. 156 at 5–8]. **OVERRULED**.

For this objection, 4 Beauty contends that the June PFA and the June Captive Financing Agreement (the "June CFA") were a single, integrated document and were intended to be read together as one transaction for new financing. [*See* ECF No. 156 at 5–7]. This is supported by the fact that the June PFA was attached as "Schedule A" to the June CFA. [*See id.* at 6–7]. According to 4 Beauty therefore, Judge Reinhart erroneously found that the June PFA was a pre-condition for the June CFA, but not the other way around. [*Id.* at 7–8]. And since Agile never signed the June CFA, 4 Beauty argues that Agile's breach of contract claim must fail. [*Id.* at 8].

4 Beauty relies heavily on cases embracing the "contemporaneous instrument rule," which holds that "two or more documents executed by the same parties, at or near the same time, concerning the same transaction or subject matter are generally construed together as a single contract." *SFR Servs., LLC v. Indian Harbor Ins. Co.*, 529 F. Supp. 3d 1285, 1297 (M.D. Fla. 2021) (internal quotation marks omitted) (quoting *Wilson v. Terwillinger*, 140 So. 3d 1122, 1124 (Fla. 5th DCA 2014)).  "[T]he intention of the parties is the governing principle," and a court "look[s] to the terms of the [documents] to determine whether [the parties] intended to make one contract or two separate contracts." *In re Gardinier, Inc.*, 831 F.2d 974, 976 (11th Cir. 1987) (applying Florida law).

Viewing the June PFA and June CFA, this Court does not agree that the two instruments were intended to be a single contract on this record.  The June PFA does not reference the June CFA's terms; indeed, the June PFA contains its own terms, including the payment schedule and total financed amount.  [*See* ECF No. 1-6 at 2].  While it is true that the June CFA references the June PFA [*see* ECF No. 1-7 at 2 ¶¶ 1, 3], the June PFA does *not* reference the June CFA [*see generally* ECF No. 1-6].  The Honorable Jose E. Martinez's recap of the law in this area completely dooms 4 Beauty's theory:

> The "contemporaneous transaction rule" requires construing two instruments as one transaction *only if* the instruments are executed contemporaneously and each refers to the other. *See Popwell v. Abel*, 226 So. 2d 418, 421 (Fla. 4th DCA 1969). A mere reference in the instruments to one or the other is not sufficient to establish that the documents should be read together. *See Kantner v. Boutin*, 624 So. 2d 779, 781 (Fla. 4th DCA 1993). This is particularly true when the instruments make no *specific* reference to the other. *See id.; see also BGT Grp., Inc. v. Tradewinds Engine Servs.,* LLC 62 So. 3d 1192, 1195 (Fla. 4th DCA 2011); *Temple Emanu-El of Greater Fort Lauderdale v. Tremarco Indus., Inc.*, 705 So. 2d 983, 984 (Fla. 4th DCA 1998).

*Morris Hatchery, Inc. v. Interlink Grp. Corp. USA, Inc.*, No. 10-24480-CIV, 2012 WL 13059867, at *6 (S.D. Fla. May 14, 2012) (Martinez, J.) (emphases in original).  4 Beauty spends three pages of its Objections explaining how the June CFA incorporates or refers to the June PFA, but never discusses where the June PFA mentions the June CFA—a document that *preceded* the June PFA.  [*See* ECF No. 156 at 5–8; ECF No. 1-6 at 2; ECF No. 1-7 at 2].  The reason as to why is simple: the June PFA doesn't

reference it anywhere.  The June PFA is thus a separate and independent agreement not contingent on the June CFA, as Judge Reinhart rightly concluded.  Accordingly, this objection is OVERRULED.

C. <u>Judge Reinhart Erred by Rejecting 4 Beauty's Argument that the June PFA Is Not Enforceable Because Agile Never Accepted it in Writing.  [ECF No. 156 at 8–11].</u>  **OVERRULED**.

As an initial matter, the Court overrules this objection because 4 Beauty conceded Agile's argument that the conduct of the parties makes the June PFA an enforceable contract by failing to respond to it in its summary judgment briefing.  [*See* ECF No. 155 at 18 (citing *Jones v. Bank of Am., N.A.*, 564 F. App'x 432, 434 (11th Cir. 2014) ("[A] party's failure to respond to any portion or claim in a motion indicates such portion, claim or defense is unopposed."))].  4 Beauty cannot revive an argument that has been unequivocally waived.

In any event, 4 Beauty's objection is also meritless.  It claims that the June PFA required acceptance in writing to be effective, citing cases *applying Maryland law.*  [ECF No. 156 at 9].  But Florida law—which applies here—supports Agile's view that parties may depart from the agreed upon method of acceptance.  *See Yellow Pages Photos, Inc. v. Ziplocal, LP*, 795 F.3d 1255, 1270–71 (11th Cir. 2015) ("Florida law provides that a valid contract is formed, notwithstanding a deviation from the offeror's designated mode of acceptance, if there was a meeting of the minds and the offer was indeed accepted.").  As Judge Reinhart cogently stated, the parties' conduct (especially 4 Beauty's) showed a meeting of the minds[1] and acceptance of the offer.  [*See* ECF No. 155 at 20].  This objection is OVERRULED.

D. <u>Judge Reinhart Erred in Finding That There Was Valid Consideration for the June PFA.  [ECF No.156 at 11–15].</u>  **OVERRULED**.

---

[1]  To the extent 4 Beauty argues that there was no true "meeting of the minds" because it "repeatedly questioned whether the loan was even active" [ECF No. 156 at 10, 18], that is rejected.  It is undisputed that Dr. Mendietta (or 4 Beauty) never questioned the validity of the contract or whether a binding obligation existed.  [*See* ECF No. 157 at 19 n.4].

This objection also fails.  4 Beauty's main complaint here is that by entering into the June PFA, Agile was not giving up any rights it did not already possess, such as accelerating the loan.  [*See* ECF No. 156 at 11–12].  Therefore, 4 Beauty argues that Judge Reinhart improperly found that Agile's decision against accelerating and agreeing to different terms, such as an eleventh-month installment schedule, was adequate consideration.  [*See id.*].

4 Beauty's own argument defeats its objection.  It is quite surprising that 4 Beauty argues that it "received no benefit" under the June PFA.  [*See id.* at 13].  Not only is it improper for 4 Beauty to relitigate this point, *Davis v. Comm'r of Soc. Sec.*, No. 23-cv-02075, 2025 WL 879980, at *1 (M.D. Fla. Mar. 21, 2025) (stating that in objecting to a report and recommendation, parties cannot "traverse ground already plowed by the magistrate" (alteration adopted)), but the record evidence shows quite the opposite.  Namely, it is undisputed that Agile changed the payment terms for 4 Beauty's benefit from five monthly payments of $411,072.86 to eleven monthly payments of $183,160.17.  [*See* ECF No. 157 at 20].  Agile also reduced the finance charges.  [*See id.*].  4 Beauty then promised to provide new insurance policies to be financed by the existing loan.  [*Id.*].  That is more than sufficient consideration.  *See Crowley Maritime Corp. v. Linda Mar Imports Inc.*, 576 F. Supp. 3d 1268, 1272 (S.D. Fla. 2020) (Altonaga, C.J.) ("As consideration for the Settlement Agreement, Plaintiff agreed to compromise and/or reduce the amount of the liquidated damages owed in accordance with the Credit Agreement if Defendant paid the settlement amount in accordance with the payment schedule outlined in Paragraph 1 of the Settlement Agreement." (emphasis removed) (citing *Ashby v. Ashby*, 651 So. 2d 246, 247 (Fla. 4th DCA 1995))).  The Court discerns no error in the R&R.

E. Judge Reinhart Erred by Rejecting the Argument that the June PFA Is Not Enforceable Because Agile Did Not Satisfy the "Promise to Pay" Term.  [ECF No. 156 at 15–17]. **OVERRULED**.

Next up is 4 Beauty's objection regarding the "Promise to Pay" term contained in the June PFA.  Here, 4 Beauty argues that this term was an unsatisfied condition precedent that rendered the June PFA unenforceable.  [ECF No. 156 at 15–16].  According to 4 Beauty, its repayment promise was never triggered because Agile advanced funds under the April PFA, not the June PFA.  [*Id.* at 16].  Thus, Judge Reinhart erred in concluding that this contractual term was met.

4 Beauty is wrong once more.  The "Promise to Pay" provision in the June PFA states the following:

> In return for the payment(s) that Agile Premium Finance has advanced to pay my insurance policy or policies listed in this agreement, I promise to make monthly payments as shown in this agreement. I will make these monthly payments until I have paid the full amount advanced me or on my behalf, plus the finance charges and any other charges I may owe as shown on this agreement.

[ECF No. 1-6 at 2].  As Judge Reinhart stated, it is undisputed that Agile advanced the funds in May 2023 under the April PFA to pay insurance premiums for the policies.  [ECF No. 155 at 23].  That was sufficient to trigger 4 Beauty's repayment obligation, regardless of the subsequent June PFA that listed new insurance policies with a new effective date and quote number.  [*See* ECF No. 156 at 16].  Here's why:

For starters, 4 Beauty is correct that conditions precedent triggering an obligation to perform typically occur subsequent to the making of a contract.  [*See id.* at 16 (quoting *Univ. Hous. By Day Corp. v. Foch*, 221 So. 3d 701, 704 (Fla. 3d DCA 2017))].  But 4 Beauty misses the forest for the trees.  The condition precedent (here, advancing funds to pay insurance policies) did in fact occur after the making of the contract.  The "contract" at issue was *made* in April and the funds were disbursed in May.  The contract was then *modified* in June.  The June PFA in this regard was not a new contract that mandated the compliance with the "Promise to Pay" term after the fact.  Agile had already complied with this term which, notably, was not changed by operation of the modification in June.  *See Bornstein v. Marcus*, 275 So. 3d 636, 639 (Fla. 4th DCA 2019) ("[A] modification merely replaces some terms of

a valid and existing agreement while keeping those not abrogated by the modification in effect." (citing *Franz Tractor Co. v. J.I. Case Co.*, 566 So. 2d 524, 526 (Fla. 2d DCA 1990))). If 4 Beauty's position here was correct, then Agile would have needed to reimburse additional funds while 4 Beauty skirted its repayment obligations under the April PFA. That undersigned declines to adopt this view. This objection is likewise OVERRULED.

F. Judge Reinhart Erred Because There Are Genuine Issues of Material Fact Precluding Summary Judgment. [ECF No. 156 at 17–19]. **OVERRULED**.

Finally, 4 Beauty objects to Judge Reinhart's R&R because there is purportedly a litany of factual issues that must be tried before a jury. [ECF No. 156 at 17–19]. Not so. His Honor made conclusions of law based on undisputed facts. That is the entire purpose of and rationale behind Rule 56. Boiled down, 4 Beauty's position here consists of rehashing unpersuasive legal arguments based on its view of the record. That does not preclude summary judgment in Plaintiff's favor. *See Hogue v. Sec., U.S. Dep't of Army*, 718 F. App'x 877, 878 (11th Cir. 2017) ("A 'genuine issue of material fact' must have a real basis in the record and cannot be based upon a mere conclusion or unsupported factual allegations." (citing *Ellis v. England*, 432 F.3d 1321, 1326 (11th Cir. 2005))); *Thomas v. City of Punta Gorda*, No. 08-cv-553, 2010 WL 2293413, at *5 (M.D. Fla. Feb. 22, 2010) ("Merely making a contrary assertion to the facts presented by the Defendant does not create a genuine issue of material fact."), *report and recommendation adopted*, 2010 WL 2293415 (M.D. Fla. June 8, 2010). As such, this objection is OVERRULED.

### III.  CONCLUSION

Accordingly, in view of the foregoing and upon due consideration, it is hereby **ORDERED AND ADJUDGED** as follows:

1.  The R&R [**ECF No. 155**] is **AFFIRMED** and made a part of this Order for all purposes. Defendant's Objections [**ECF No. 156**] are **OVERRULED**.

9

2. Plaintiff's Motion for Summary Judgment [**ECF No. 100**] is **GRANTED**. Summary judgment is GRANTED on Count I of the Complaint [ECF No. 1 ¶¶ 43–51] and Defendant 4 Beauty's sixteen Affirmative Defenses[2] [ECF No. 44 at 10–17] in Plaintiff's favor. The Court awards Plaintiff **$2,088,213.00** on Count I of the Complaint.

3. Defendant's Motion for Final Summary Judgment [**ECF No. 102**] is **DENIED**.

4. Defendant's Motion to Strike the Declaration of Robert Przespolewski [**ECF No. 119**] is **DENIED** as moot.

5. Defendant's Motion for Sanctions [**ECF No. 142**] is **DENIED** as moot.[3]

6. Plaintiff's Motion *in Limine* [**ECF No. 117**] is **DENIED** as moot.

7. Pursuant to this Court's October 9, 2025, Order, Plaintiff may renew its motion for default judgment against Defendants CaptiveOne Services, LLC and Wayne Jenkins with respect to Count I of the Complaint **no later than June 18, 2026**. [*See* ECF No. 65 at 6].

**DONE AND ORDERED** in the Southern District of Florida on June 1, 2026.

DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc: counsel of record

---

[2] 4 Beauty failed to object to Judge Reinhart's R&R on its Affirmative Defenses. [*See generally* ECF No. 156]. Under clear error review, the Court adopts Judge Reinhart's R&R on the defenses and grants summary judgment on them accordingly in Plaintiff's favor as raised in its motion [*see* ECF No. 100 at 5–14 & n.2].

[3] The crux of this sanctions motion is that "Plaintiff continues to pursue a meritless Breach of Contract claim against 4 Beauty" which purportedly "violates Rule 11(b), and warrants sanctions[.]" [ECF No. 142 at 2, 6]. Because the Court grants Plaintiff's Motion for Summary Judgment on this claim, this motion is moot.