UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 24-CV-81491-DSL

VALLEY NATIONAL BANK,

Plaintiff,

vs.

CAPTIVEONE SERVICES, LLC, *et al.*,

Defendants.

_______________________________________/

**REPORT AND RECOMMENDATION ON MOTION FOR ATTORNEYS' FEES [ECF No. 165]**

Plaintiff Valley National Bank ("Valley National") moves for an award of $464,258.50 in attorneys' fees and $12,475.30 in taxable costs from CaptiveOne Services LLC ("CaptiveOne"). ECF No. 165 at 3 (the "Motion"). The Motion was referred to me for a Report and Recommendation. ECF No. 166. The deadline to respond to the Motion was August 24, 2026. ECF No. 165. To date, there has been no response. The Motion is ripe for review. Accordingly, I recommend the Motion be **GRANTED in part** and **DENIED in part**.

I. PROCEDURAL HISTORY

In 2024, Valley National filed a Complaint against CaptiveOne, 4 Beauty Aesthetic Institute Inc. ("4Beauty"), Bryste Holdings LLC ("Bryste"), Dr. Constantino Mendieta, and Wayne Jenkins for actions resulting from failure to repay funds under a finance agreement. ECF No. 1. 4Beauty and Dr. Mendieta appeared. ECF Nos. 8,

9, 10. Subsequently, Valley National moved for default on Bryste, CaptiveOne, and Mr. Jenkins. ECF No. 37, 38, 39. The Clerk of the Court entered default. ECF No. 40. Later, Valley National moved for default judgment. ECF No. 61. Judge Leibowitz granted in part and denied in part the Motion for Default Judgment, awarding $1,859,265.90 in compensatory damages and $331,981.99 in prejudgment interest against Bryste and Mr. Jenkins on Count II. ECF Nos. 65, 66.

Later that year, Dr. Mendieta was dismissed from the lawsuit with prejudice. ECF No. 86. Then, 4Beauty and Valley National moved for summary judgment. ECF Nos. 100, 102. Judge Leibowitz adopted my recommendation to grant Valley National's Motion for Summary Judgment and deny 4Beauty's Motion for Summary Judgment. ECF Nos. 155, 158. Valley National then renewed its Motion for Default Judgment against Bryste, Mr. Jenkins, and CaptiveOne. ECF No. 159. Judge Leibowitz granted the Motion for Default Judgment, awarding Valley National $2,088,213.00 in compensatory damages and $127,146.48 in prejudgment interest against CaptiveOne and 4Beauty on Count I. ECF Nos. 160, 162, 164. Now, Valley National moves for attorney fees against CaptiveOne. ECF No. 165.

## II. LEGAL PRINCIPLES

### A. *Attorney Fees*

Federal Rule of Civil Procedure 54(d)(2) allows for recovery of attorneys' fees and costs by a prevailing party if permitted by statute or contract. Fed. R. Civ. P. 54(d)(2).

1. Prevailing Party Status

The term "prevailing party" is referenced in multiple statutes and is consistently interpreted. *CRST Van Expedited, Inc. v. E.E.O.C.*, 578 U.S. 419, 422 (2016). The same "prevailing party" analysis applies whether the party is asking for attorneys' fees or costs. *Royal Palm Props., LLC v. Pink Palm Props., LLC*, 38 F.4th 1372, 1377 (11th Cir. 2022). The "touchstone" of the inquiry is the "material alteration of the legal relationship." *Affordable Aerial Photography, Inc. v. Prop. Matters USA, LLC*, 108 F.4th 1358, 1362 (11th Cir. 2024) (citation omitted); *see also Tex. State Tchrs. Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792-93 (1989).

The plaintiff is the prevailing party upon "secur[ing] an 'enforceable judgment[t] on the merits' or a 'court-ordered consent decre[e],' . . . because [the plaintiff] has received a 'judicially sanctioned change in the legal relationship of the parties.'" *CRST Van Expedited, Inc.*, 578 U.S. at 422 (quoting *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dept. of Health and Human Resources*, 532 U.S. 598, 605 (2016)).

2. Calculation of Fee Award: the Lodestar Method

In calculating attorney fee awards, courts use the lodestar method, where a reasonable fee award is "properly calculated by multiplying the number of hours reasonably expended times a reasonable hourly rate." *Am. C.L. Union of Ga. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (citing *Blum v. Stenson*, 465 U.S. 886, 888 (1994)). This "lodestar" may then be adjusted for the results obtained. *See id.* (citing *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994)).

In computing the lodestar, courts should consider: (1) the time and labor required, the novelty, complexity, and difficulty of the questions involved, and the skill required to perform the legal service properly; (2) the likelihood that the acceptance of the particular employment will preclude other employment by the lawyer; (3) the fee, or rate of fee, customarily charged in the locality for legal services of a comparable or similar nature; (4) the significance of, or amount involved in, the subject matter of the representation, the responsibility involved in the representation, and the results obtained; (5) the time limitations imposed by the client or by the circumstances and, as between attorney and client, any additional or special time demands or requests of the attorney by the client; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation, diligence, and ability of the lawyer or lawyers performing the service and the skill, expertise, or efficiency of effort reflected in the actual providing of such services; and (8) whether the fee is fixed or contingent. *Wachovia Bank v. Tien*, No. 04-20834, 2015 WL 10911506, at *1 (S.D. Fla. Apr. 7, 2015) (citation omitted)).

A reasonable hourly rate is defined as the "prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Barnes*, 168 F.3d at 436 (quoting *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1999)). "Generally, the 'relevant market' for purposes of determining the reasonable hourly rate for an attorney's services is 'the place where the case is filed . . .'" *Procaps S.A. v. Patheon Inc.*, No. 12-24356-CIV, 2013 WL 6238647, at *12 (S.D. Fla. Dec. 3, 2013) (quoting *Barnes*, 168

F.3d at 427). The fee applicant bears the burden of establishing the claimed market rate. *See Barnes*, 168 F.3d at 427. If the fees requested are not representative of reasonable hourly rates in the place the case is filed, the court has leave to reduce the fees to reflect the local market. *Five for Entm't, S.A. v. Ayala Rodriguez*, No. 11-24142-CV, 2017 WL 511085, at *6 (S.D. Fla. Feb. 2, 2017) (adjusting New York City and Washington D.C. rates to reflect the South Florida legal market); *City Place Retail, L.L.C. v. Wells Fargo Bank, N.A.*, 18-CV-81689, 2021 WL 3361172, at *5 (S.D. Fla. Jan. 12, 2021) ("Palm Beach County comprises a distinct legal market.").

The court must consider "what a reasonable, paying client would be willing to pay," bearing in mind "all of the case-specific variables that . . . courts have identified as relevant to the reasonableness of attorney's fees," including the *Johnson* factors. *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 184, 190 (2d Cir. 2008) (the court must "step[ ] into the shoes of the reasonable, paying client, who wishes to pay the least amount necessary to litigate the case effectively"); *Griffith v. McDonough*, No. 20-11464, 2021 WL 4461605, at *2 (11th Cir. Sep. 29, 2021) ("The fact that a client and attorney have agreed on the contracted rate is 'a strong indication of a reasonable rate'" (citation omitted)); *Common Cause Ga. v. Sec'y*, 17 F.4th 102, 109 (11th Cir. 2021) ("[t]here remain other considerations that may lead the district court to adjust the fee upward or downward, including the important factor of the results obtained" (citation omitted) (internal quotation marks omitted)). In addition, the court may consider prior hourly rates awarded to other attorneys of similar experience in the community as well as the court's own

knowledge of the rates charged by local practitioners. *See McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Trust Fund*, 450 F.3d 91, 96–97 (2d Cir. 2006) ("A district court may also use its knowledge of the relevant market when determining the reasonable hourly rate."); *see also Norman*, 836 F.2d at 1303 ("[t]he court . . . is itself an expert on the question [of fees] and may consider its own knowledge and experience concerning reasonable and proper fees . . .").

As to the type of evidence that the fee claimant should produce in support of a fee claim, in *Barnes*, the Eleventh Circuit stated:

> The fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates. That burden includes supplying the court with specific and detailed evidence from which the court can determine the reasonable hourly rate. Further, [ ] counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity.

168 F.3d at 427 (citations and quotations omitted).

In submitting a request for attorney's fees, fee applicants are required to exercise "billing judgment." *Id.* at 428 (quoting *Hensley*, 461 U.S. at 434). If fee applicants do not exercise billing judgment by excluding "excessive, redundant, or otherwise unnecessary" hours, which are hours "that would be unreasonable to bill to a client and therefore to one's adversary *irrespective of the skill, reputation or experience of counsel*," the court must exercise billing judgment for them. *Id.* at 428 (quoting *Norman*, 836 F.2d at 1301).

The determination of fees "should not result in a second major litigation." *Fox v. Vice*, 563 U.S. 826, 838 (2011) (quoting *Hensley,* 461 U.S. at 437). The Court explained:

> The fee applicant (whether a plaintiff or a defendant) must, of course, submit appropriate documentation to meet "the burden of establishing entitlement to an award. But trial courts need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection. So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time.

*Id.* (internal citations omitted).

B. *Costs*

Under the Federal Rules, prevailing parties are entitled to recover costs as a matter of course unless otherwise directed by the court or statute. *See* Fed. R. Civ. P. 54(d)(1). Rule 54(d) creates a presumption in favor of awarding costs to the prevailing party. *See Manor Healthcare Corp. v. Lomelo*, 929 F.2d 633, 639 (11th Cir. 1991). This presumption, however, is not without limits and courts may only tax costs as authorized by statute. *See EEOC v. W&O, Inc.,* 213 F.3d 600, 620 (11th Cir. 2000) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 445 (1987)).

Title 28, United States Code, Section 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d). Section 1920 provides in part:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;

> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. In the exercise of sound discretion, the Court receives great latitude in ascertaining taxable costs. *See EEOC,* 213 F.3d at 621. "Absent explicit statutory or contractual authorization, the Court is limited to those costs specifically enumerated in 28 U.S.C. § 1920." *See id.* at 620; *Crawford Fitting Co.,* 482 U.S. at 445.

As well, the Court has an independent obligation to ensure the costs awarded are proper. *Barnes*, 168 F.3d at 428 ("[I]t is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded.").

Finally, in seeking costs, the parties must comply with the Southern District of Florida's Local Rules. Local Rule 7.3 says:

> An application for a bill of costs must be submitted on form (or in form substantially similar to) AO 133 of the Administrative Office of the United States Courts and shall be limited to the costs permitted by 28 U.S.C. § 1920. Expenses and costs that the party believes are recoverable although not identified in § 1920 shall be moved for as provided in paragraph 7.3(a) above. The bill of costs shall attach copies of any documentation showing the amount of costs and shall be

> supported by a memorandum not exceeding ten (10) pages. The prospects or pendency of supplemental review or appellate proceedings shall not toll or otherwise extend the time for filing a bill of costs with the Court.

S.D. Fla. Loc. R. 7.3(c).

## III. ANALYSIS

### A. *Prevailing Party*

Valley National is the prevailing party. Judge Leibowitz entered default judgment against CaptiveOne in its capacity as indemnitor for Valley National. The parties' agreement said:

> [CaptiveOne] will hold harmless and Indemnify [Plaintiff] . . . against any losses, costs, fees, inclusive but not limited to Attorney's Fees, Court Costs, Collection Fees, and other reasonable costs incurred by [Plaintiff] . . . as a result of violation of these representations and warranties or from [CaptiveOne]'s error or omission.

ECF No. 162 at 5; ECF No. 1-6 at 3; ECF No. 1 ¶¶30-31. The default judgment altered the legal relationship between Valley National and CaptiveOne.

### B. *Attorney Fees*

Valley National seeks $464,258.50 in attorney fees. ECF No. 165 ¶11. The requested fees were incurred through 772.4 hours worked by twelve timekeepers: Julian Jackson-Fanin (172.5 hours), Robert Brener (2.1 hours), Harvey Gurland (0.8 hours), Carolina Goncalves (506.7 hours), Nader Amer (7.0 hours), Anooshesh Shaikh (18.7 hours), Nicholas Gounaris (21.0 hours), Pia Mendoza (35.7 hours), Jennifer Flores (3.7 hours), Victoria Funchion (0.3 hours), Winono Woe (3.8 hours), and Quinn Longenberger (0.1 hours). *Id.* at 5-6, 8. Mr. Jackson-Fanin, Mr. Brener, Mr. Gurland,

Ms. Goncalves, Mr. Amer, Ms. Shaikh, and Mr. Gounaris are attorneys; Ms. Mendoza and Ms. Flores are paralegals; Mr. Woe and Ms. Funchion are litigation support specialists; and Mr. Longenberger is a law clerk. *Id.* at 5-6. Valley National supported these hours with explanations of its attorneys' and staff's qualifications and time records. ECF No. 165-1 at 39-149.

1. Reasonable Hourly Rate

Mr. Jackson-Fanin is a partner licensed to practice law in Florida and Georgia with almost fifteen years of experience. *Id.* at 3. He charges an hourly rate of $595.00 and specializes in commercial litigation. *Id.* at 3, 7. He is admitted to practice in the Northern, Middle, and Southern Districts of Florida as well as the Eleventh Circuit Court of Appeals. *Id.* at 7. He has also co-authored a variety of publications and earned multiple awards. *Id.* at 8-9. He appeared in this case on behalf of Valley National. *See* ECF No. 1. For these reasons, I find his hourly rate to be reasonable. *Nimbus Boat Rental, Corp. v. Garcel*, No. 22-CV-22645, 2024 WL 5397529, at *6 (S.D. Fla. Jan. 4, 2024) (finding rate of $600.00 per hour to be reasonable for partner with 17 years of experience and significant trial and courtroom experience).

Mr. Brener is a partner licensed to practice law in New York and New Jersey. *Id.* at 13. He has been a partner for seven years. ECF No. 165-1 at 13-14. He charges an hourly rate of $650.00 and specializes in commercial and business litigation "focusing on banking litigation, creditors' right, contract disputes and defense of consumer claims." *Id.* at 3, 12. However, Mr. Brenner, is not licensed to practice law in Florida, nor was he admitted *pro hac vice* in this case. As a result, his time should

be recoverable, but only at similar rates for other partners, such as Mr. Jackson-Fanin. For this reason, I find Mr. Brener's rate should be reduced to $595.00 per hour. *Garcel*, 2024 WL 5397529, at *6.

Mr. Gurland is a partner licensed to practice law in Florida and New York. ECF No. 165-1 at 20. He charges an hourly rate of $800.00 and specializes in "general business and corporate matters," including "class actions and shareholder suits, defamation and social media cases, intellectual property, [and] real estate litigation," among other areas. *Id.* at 3, 16. He is admitted to practice in the Northern, Middle, and Southern Districts of Florida as well as the Eleventh Circuit Court of Appeals. *Id.* at 20. He has also co-authored many publications and received various awards. *Id.* at 20-21. Still, his hourly rate is unreasonable. Instead, Mr. Gurland's hourly rate should be $595.00. *Garcel*, 2024 WL 5397529, at *6.

Ms. Goncalves is a senior associate licensed to practice law in Florida. ECF No. 165-1 at 25. She charges an hourly rate between $600.00 and $615.00 and practices "commercial and international dispute resolution." *Id.* at 3, 24. She has also earned multiple awards, co-authored many publications, and spoken on various technology-focused topics. *Id.* at 26-27. She appeared in this case on behalf of Valley National. ECF No. 21. Distinctly, Mr. Amer is a senior associate licensed to practice law in Florida and Delaware. ECF No. 165-1 at 29-30. He charges $595.00 per hour and works in complex business and commercial litigation. *Id.* at 3, 29. Nonetheless, neither of their rates are reasonable. Accordingly, Ms. Goncalves's rate and Mr. Amer's rate should both be $450.00 per hour. *Berger v. Int'l Sommelier Guild Glob.*

*Invs., LLC*, No. 25-60602-CIV, 2026 WL 2228035, at *3 (S.D. Fla. July 17, 2026), *report and recommendation adopted*, 2026 U.S. Dist. LEXIS 171896 (S.D. Fla. Aug. 3, 2026) (reducing a senior associate's rate from $600.00 per hour to $450.00 per hour).

Ms. Shaikh is an associate licensed to practice law in Florida. ECF No. 165-1 at 32-33. She charges an hourly rate between $525.00 to $550.00 and focuses her practice on "complex commercial litigation, securities, and employment litigation." *Id.* at 3, 32. She appeared in the case on behalf of Valley National. ECF No. 5. For Mr. Gounaris, he is an associate licensed to practice law in Florida. ECF No. 165-1. at 36. He charges an hourly rate between $540.00 to $610.00 for litigation. *Id.* He has also co-authored a publication. *Id.* at 37. Yet, I find their rates to be unreasonable. Rather, a rate of $400.00 per hour for both Ms. Shaikh and Mr. Gounaris is reasonable for their services. *Berger*, 2026 WL 2228035, at *3 (awarding an associate $400.00 per hour); *Sas v. Jetski Boat USA Inc.*, No. 23-CV-81091, 2025 WL 490227, at *2 (S.D. Fla. Jan. 20, 2025), *report and recommendation adopted*, 2025 WL 485987 (S.D. Fla. Feb. 12, 2025) (awarding $395.00 for a junior associate).

Ms. Mendoza is a paralegal with twenty-five years of experience. ECF No. 165-1 at 3. She charges between $460.00 and $550.00 per hour. *Id.* Ms. Flores is a paralegal with seven years of experience who charges between $320.00 and $380.00 per hour. *Id.* However, I find both paralegals' hourly rates to be unreasonable. Their time should be billed at a blended rate of $200.00 per hour. *Boom Funded, LLC v. Aeva, LLC*, No. 24-CV-23649, 2025 WL 2959048, at *3 (S.D. Fla. Oct. 20, 2025)

(finding $225.00 per hour to be reasonable for a paralegal with 6-7 years of experience); *E.C. Ruff Marine, Inc. v. M/V*, No. 21-CV-60334, 2026 WL 402482, at *1-2 (S.D. Fla. Jan. 27, 2026) (awarding $200.00 for paralegals with three and thirty years of experience, respectively), *report and recommendation adopted*, 2026 WL 396615 (S.D. Fla. Feb. 12, 2026).

Ms. Funchion and Mr. Woe are litigation support specialists who charge $380.00 per hour. ECF No. 165-1 at 3. Valley National does not explain how much experience either person has. Accordingly, their requested hourly rate is unreasonable. *Yacht Club on the Intracoastal Condo. Ass'n v. Lexington Ins. Co.*, No. 10-81397, 2013 U.S. Dist. LEXIS 204716, at *18, 22 (S.D. Fla. Oct. 16, 2013) (allowing $60 per hour for a litigation support specialist), *report and recommendation adopted*, 2013 U.S. Dist. LEXIS 204714 (S.D. Fla. Nov. 25, 2013); *McNider Marine, LLC v. Cain & Daniels, Inc.*, No. 17-CV-2561-T-24, 2019 U.S. Dist. LEXIS 73564, at *2-3 (M.D. Fla. Apr. 29, 2019) (awarding $100.00 per hour for electronics litigation support); *Gulf Bldg., LLC v. Phila. Indem. Ins. Co.*, No. 22-CV-60573, 2024 WL 309026, at *3-4 (S.D. Fla. Jan. 8, 2024), *report and recommendation adopted*, 2024 WL 307623 (S.D. Fla. Jan. 26, 2024) (awarding $125.00 per hour for a litigation support specialist with fifteen years of experience in e-discovery). Accordingly, I find $125.00 per hour to be appropriate for both Ms. Funchion and Mr. Woe.

Mr. Longenberger is a law clerk who charged $355.00 per hour. *Id.* But, his experience is unclear. Therefore, I find his billable hourly rate to be unreasonable. A reasonable hourly rate for him would be $150.00. *Dorvil v. Nationstar Mortg. LLC*,

No. 17-23193, 2022 WL 395955, at *2, 5 (S.D. Fla. Jan. 24, 2022) (finding $190.00 per hour to be reasonable for a law clerk), *report and recommendation adopted*, 2022 WL 393881 (S.D. Fla. Feb. 9, 2022); *Johnson v. Selina Operation N. Mia. LLC*, No. 24-CV-22467, 2026 U.S. Dist. LEXIS 167795, at *8 (S.D. Fla. July 27, 2026) (holding $150.00 per hour for a law clerk to be reasonable).

2. Reasonable Hours

Valley National seeks fees from 772.4 hours of work. *See* ECF No. 165 at 3, 8. These hours consist of drafting documents, analyzing filings, attending hearings, and taking depositions, among other actions. ECF No. 165-1 at 39-149. But, not all of these hours should be recoverable.

At the outset, many entries are so heavily redacted that it is impossible to understand the work the attorney performed, thereby making the entries vague. *Id.* For example, the entire first page of entries totaling 11.4 hours valued at $6,489.00 read: "ANALYZE [redacted]" for four entries; "CONFERENCE CALL WITH [redacted]"; "ANALYZE AND REVISE [redacted]"; "CORRESPOND [redacted] INITIAL DRAFTING OF [redacted]"; "RESEARCH RE [redacted]"; "CONTINUE INITIAL DRAFTING OF [redacted]"; and "CONTINUE TO REVISE [redacted]." *Id.* at 41 (emphasis in original). Similar patterns are repeated throughout the over one hundred pages of time entries. *See id.* at 39-149. Additional examples include: 5 hours for "CONTINUED ANALYZING [redacted] (2.9); PREPARED [redacted] (0.3); INCORPORATED [redacted] (1.8)"; 10.9 hours to "CONTINUE ANALYZING [redacted]"; and 6.2 hours to "CONTINUE ANALYZING [redacted] (3.1); OUTLINE

[redacted] (3.1)." *Id.* at 70, 105, 115-16 (emphasis in original).

Without any further information, it is impossible to determine what work was performed, to differentiate the entries, or to analyze whether the entries are reasonable for the work performed.[1] *Alicea v. Peter's Plumbing, Inc.*, No. 23-cv-60184, 2025 WL 3006051, at *4 (S.D. Fla. Oct. 15, 2025) (holding that entries with vague justification are not compensable). Nonetheless, I am intimately familiar with the case from reviewing the pleadings filed by the parties, presiding over hearings, and drafting reports and recommendations. ECF Nos. 141, 143, 144, 148, 152, 155. Accordingly, I will use my knowledge and experience from this case, and from presiding over similar types of cases, to assess the reasonable hours (and, accordingly, a recoverable amount) in this case. *Burger King Corp. v. Mason*, 710 F.2d 1480, 1496-97 (11th Cir. 1983) ("The district judge was forced into the role of a referee in the conduct of this litigation over an extended period of time. Needless to say, he was intimately familiar with the issues in the case. He was in an excellent position to estimate the amount of lawyer time devoted to the various issues before him.").

From a review of the docket, the attorneys performed substantive work on this case. They actively litigated the motion to dismiss, the summary judgment motions,

[1] To clarify, I do not find that all entries with redactions should not be recoverable. Some entries provide sufficient context to differentiate the entries and conclude that they are recoverable. *Compare* ECF No. 165-1 at 99 (preparation for deposition of Valley National's corporate representative), *with* ECF No. 165-1 at 100 (entries showing attendance at deposition of Bob P. and attendance at the deposition of Valley National's corporate representative).

moved for default multiple times, and performed discovery. ECF Nos. 29, 37, 38, 39, 47, 100, 101, 105, 111, 113, 114, 116, 122, 123, 124, 159. All of these tasks are required to diligently litigate a case. The vast majority of the work billed on this case was done by Ms. Goncalves, with over 500 hours. ECF No. 165-1 at 8. The timekeeper with the second-highest number of hours billed is Mr. Jackson-Fanin. *Id.*

Based on the tasks performed, I find $250,000.00 to be the reasonable and recoverable attorney fees. As a senior associate, Ms. Goncalves was capable of unilaterally performing most of the work that occurred on this case. *Marchisio v. Carrington Mortg. Servs., LLC*, No. 14-14011, 2020 WL 4350725, at *6 (S.D. Fla. July 29, 2020) ("Case law requires the fee movant to show good billing judgment . . . [which includes] billing in a cost-effective way such as by enlisting associate attorneys and paralegals to do as much work as possible at their cheaper hourly rates"). Therefore, I find the amount of time Valley National's counsel—as a whole—spent litigating this case is unreasonable. As a result, with its burden, Valley National has not provided enough information in its Motion to prove that an increased amount should be awarded for the following reasons.

First, there are entries that appear duplicative and unnecessary based on the text of the entries. *Katz v. Chevaldina*, 127 F. Supp. 3d 1285, 1304 (S.D. Fla. 2015) ("The Court must eliminate these redundant and repetitive hours"). For example, there are two entries entered on the same day by two different attorneys with nearly identical descriptions totaling 8.7 hours: "DRAFT [redacted] (1.3); PREPARE [redacted] (3.7); ADDITIONAL EDITS TO [redacted] (2.7)" and "DRAFT [redacted];

REVISE [redacted].” ECF No. 165-1 at 117 (emphasis in original). Further, entries saying, “ANALYSIS OF [redacted]” and “ANALYSIS OF ISSUES [redacted] (3.9)” totaling 6.1 hours were billed mere days after another time entry that says, “ANALYSIS OF ORDER SETTING SETTLEMENT CONFERENCE.” *Id.* at 119 (emphasis in original). A final example is 9.6 hours to “FINALIZE [redacted] (1.0)” on the same day as entries saying: “FINALIZE [redacted]” and “WORK ON AND FINALIZE [redacted].” *Id.* at 118 (emphasis in original). Without any substantive differentiation, the timekeepers appear to be performing the same work. It is Valley National’s burden to adequately substantiate its Motion and it has not explained why these seemingly duplicative entries were all necessary. Therefore, the time is not recoverable.

Second, many of the entries contain block billing. Examples of these entries include, “REVISE [redacted] REVIEW [redacted]” for 1.4 hours; “REVISE AND FINALIZE [redacted]; GATHER, PREPARE AND FINALIZE [redacted]; FINALIZE [redacted]” for 1.6 hours; “ATTENTION TO RESPONSE TO MOTION TO DISMISS; ANALYSIS OF [redacted]” for 0.7 hours; and “ANALYZED LEGAL ISSUES RELATING TO [redacted] DRAFTED [redacted]” for 0.8 hours. *Id.* at 45, 55, 70 (emphasis in original).

Block billing “mak[es] it difficult to ascertain how much time was spent on each task.” *Dial HD, Inc. v. Clearone Communs., Inc.*, 536 F. App’x. 927, 931 (11th Cir. 2013) (per curiam). “[T]he Court must be able to verify the need or relatedness of those projects before it can approve payment for the time incurred.” *Onemata Corp.*

*v. Ashfaq Rahman*, No. 20-CV-62002, 2025 U.S. Dist. LEXIS 90782, at *11 (S.D. Fla. May 13, 2025), *report and recommendation adopted*, 2025 U.S. Dist. LEXIS 102017 (S.D. Fla. May 28, 2025). When block billing is present, courts will routinely reduce the impacted entries by a percentage. *See Wheeler-McCorvey v. Comm'r of Soc. Sec.*, No. 22-62104, 2024 WL 3236765, at *3 (S.D. Fla. Mar. 19, 2024) ("In the instant case, the block billed entries will be reduced by 40% because there is no way to determine the amount of time counsel spent on each of the specific tasks mentioned in the block-billed entries"); *Onemata Corp.*, 2025 U.S. Dist. LEXIS 90782, at *12-13; *CodeVentures, LLC v. Vital Motion, Inc.*, No. 20-CV-21574, 2021 WL 7598708, at *6 (S.D. Fla. Oct. 19, 2021) ("Courts regularly reduce hours when attorneys engage in block billing").

Third, Judge Leibowitz entered final judgment against most of the Defendants through default judgment. Of the five defendants, one was dismissed with prejudice, and three had default judgment entered against them. ECF Nos. 65, 66, 86, 162. Therefore, Valley National seeks almost half a million dollars in fees for (at most) actively litigating against two Defendants, and (at times) litigating against one Defendant. Accordingly, I find the amount requested to be unreasonably high for the work performed.

Therefore, I find that the recoverable fees from attorney work should be reduced to $250,000.00 based on the contents of the work performed, and the extensive issues with the Motion and its supporting documentation. A reasonable client would not pay over $400,000.00 for the work done in this case. This amount

reflects compensation for most of Ms. Goncalves' time plus additional fees for non-duplicative work by the remaining lawyers and paraprofessionals.

C. *Costs*

Valley National requests $12,475.30 in costs, which include "costs associated with the service of process, printing, and filing fees." ECF No. 165-1 ¶8. However, Valley National does not provide any further explanation about the costs incurred, nor does it provide a bill of costs. *See* ECF Nos. 165, 165-1. At best, the time records include disbursements for process service and a filing fee, but the bills also include fees for travel, transcript preparation, dinner, and mediation, which would seem to not be requested based on Mr. Jackson-Fanin's affidavit. ECF No. 165-1 at 50, 57, 62, 108, 141.

Despite Valley National's oversight by not complying with Local Rule 7.3, I find that $730.00 in taxable costs are recoverable. Specifically, the $405.00 filing fee is reasonable and recoverable. ECF No. 1; ECF No. 165-1 at 50; *Hous. Specialty Ins. Co. v. Fenstersheib*, No. 20-60091, 2023 WL 4974071, at *2 (S.D. Fla. July 28, 2023), *report and recommendation adopted*, 2023 WL 9228331 (S.D. Fla. Aug. 24, 2023); *Lucibella v. Ermeri*, No. 20-CV-82156, 2026 WL 686232, at *3 (S.D. Fla. Feb. 25, 2026), *report and recommendation adopted*, 2026 WL 685922 (S.D. Fla. Mar. 11, 2026).

As well, I find the service of process fees are reasonable and recoverable at $65.00 per Defendant[2] served for a total of $325.00. Courts allow recovery for $65.00 per person served. *See* 28 C.F.R. § 0.114(a)(3). This rate is applied to private process servers too. *Gould v. Carnival Corp.*, 19-CV-20289, 2022 WL 742737, at *4 (S.D. Fla. Mar. 10, 2022) ("In the Eleventh Circuit, 'service of process fees may be paid to private process servers so long as the amount does not exceed the amount charged by the U.S. Marshal for service of process.'"). Here, On Demand Process Service, LLC charged varying amounts to serve each of the five Defendants: $105.25 to serve Mr. Jenkins, $95.25 to serve CaptiveOne, $85.25 to serve 4Beauty, $85.25 to serve Dr. Mendieta, and $177.50 to serve Bryste. ECF No. 165-1 at 50, 57-58. But, these costs are not recoverable at their full amounts because Valley National does not provide any explanation for the amounts charged in excess of $65.00.

## REPORT AND RECOMMENDATION

Accordingly, this Court **RECOMMENDS** that the District Court GRANT in part and DENY in part the Motion. Valley National should be awarded $250,730.00 in attorney fees and costs.

---

[2] It appears there are two costs associated with serving the Complaint and summons on CaptiveOne. ECF No. 165-1 at 50, 57-58. The costs were incurred on December 9, 2024, and February 28, 2025, respectively. *Id.* However, Valley National only filed one Complaint and the summons was executed in January 2025. ECF No. 15. Without further explanation as to why there are two costs, the second cost incurred of $97.70 should not be recoverable.

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable David Leibowitz, United States District Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**If counsel do not intend to file objections, they shall file a notice advising the District Court within FIVE DAYS of this Report and Recommendation.**

**DONE and SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 15th day of September 2026.

BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE